**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| Salvador Jr. & Tina Sandoval, | ) | Case No. |
| | ) | |
| Debtor(s) | ) | |
| | ) | |

## CHAPTER 13 PLAN

**I.** **Payments to Trustee:** The future earnings of the debtor(s) are submitted to the supervision and control of the Court and the **debtor(s) shall pay to the Trustee the sum of $230.00 monthly, plus Federal and State tax refunds,** exempting that portion to the Earned Income Credit and the Child Tax Credit for the term of the Plan, with the first weekly payment due 30 days after filing.

**II.** **Withholding Order:** The Debtor(s)  do, or  do not, request a wage withholding order for the submission of plan payments, to be deducted directly from the  husband's, or  wife's wages.

**III.** **Plan Length:** This Plan is estimated to be for 60 months.

**IV.** **From the payments so received, the Trustee shall make disbursements as follows:**

  **A. Priority claims under 11 U.S.C. §507: to be paid concurrently and pro rata with secured claim holders:**

  **B**. That the Trustee's fees and costs and expenses, as determined by the Attorney General pursuant to 28 USC Section 586, shall be paid as an administrative claim.

  **C.** That the balance of the debtor's attorney fees in the amount of $3500.00 pursuant to 11 USC. 507 shall be paid as an administrative claim.

  **D. Secured Claims to be valued under 11 U.S.C. §1325(a)(9) that will not extend beyond the term of the Plan:**

  **One Main to be paid the estimated net payoff as of the petition date in the amount of $4017.00 plus interest at the rate of 5.25% secured by a 1997 Chevy S10 Pickup, pro rata in regular monthly installments by the Trustee.**

E.  **Secured Claims to be valued under 11 U.S.C. §506(a) that will not extend beyond the term of the Plan:**

   **Best Buy/CBNA to be paid the estimated value as of the petition date in the amount of $405.00, plus interest at the rate of 5.25% secured by a DVD/Surround System, pro rata, in regular monthly installments by the Trustee.**

   **Capital One/Helzberg to be paid $1400.00 secured by rings and $500.00 secured by misc. jewelry plus interest at 5.25%, balance unsecured.**

   **Home Depot to be paid $137.00 secured by a lawn mower.**

   **Sams Club to be paid $500.00 plus interest at 5.25%.**

F.  **Secured Claims that will extend beyond the term of the Plan, with the Trustee curing any defaults and the balance of the claim to be paid directly by the debtor(s) according the terms of the loan agreement:**

G.  **The holders of secured claims shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the entry of the discharge under Section 1328. Adequate protection payments to secured claimholders will continue after confirmation concurrent with debtors attorney fees. After debtor's attorney's fees have been paid in full plan payments shall resume concurrent with other secured and priority claims.**

H.  **Should claim holder secured by real estate be granted relief from stay, then the balance of any secured claim shall be disallowed and no subsequent payments shall be mad by the Trustee.**

V.  **Pre-confirmation Lease and Adequate Protection Payments:**

   a.  Pre-confirmation payments on leases of personal property governed by 11 U.S.C. 1326(a)(1)(B) shall be made directly by the debtor to the lessor if the plan provides for the debtor to assume the lease. However, such payments shall not reduce the amount of the payments to be made to the trustee as proposed in the plan, since the plan must provide for all lease payments that come due post-petition to be paid direct by the debtor to the lessor, not through the trustee, and such payments should be shown as an expense on Schedule J. If the plan provides that the lease is to be rejected or does not provide any treatment of the lease, no payments shall be made to the lessor unless otherwise ordered by the court.

    **b.** Pre-confirmation adequate protection payments governed by 11 U.S.C. 132(a)(1)(C) shall be made directly by the debtor to the secured creditor only if the plan provides for the debtor to retain the collateral and to pay the claim outside of the plan, not through the trustee, in which case the amount and due date of each adequate protection payment shall be as provided for in the contract between the parties. If the plan provides for the payment of the secured claim by the trustee, the debtor shall pay the trustee the full payment required by the plan and the trustee shall make the monthly pre-confirmation payments to the secured creditor in the amount that the creditor would receive if the plan (or any amended plan) was confirmed as filed, to the extent of available funds. All adequate protection payments shall be credited against the allowed secured claim.

**VI. Property to be surrendered to secured creditor:**

    **NONE**

**VII. Unsecured claims:** After the above claims have been paid in full, holders of unsecured claims are to be paid pro rata. If the plan, in fact provides for less than 100% payment to unsecured claimholders, those whose pro rata claim is to be less than $15.00, then said claim shall be paid 0%.

**VIII. Executory Contracts and Unexpired Leases:** The following are to be either assumed or rejected:

    **NONE**

**IX. Lien Avoidance**: Any lien which may be avoided pursuant to 11 USC 522(f) shall be avoided to the benefit of debtor(s), to the extent permitted by Illinois Law. The holders of all other secured claims shall retain the lien securing such claims until the full amount for which the claim is allowed is paid, or until the date of discharge under section 1328, 11USC 1325(a)(5)(B)(i).

**X. Vesting of Title:** Title to the property of the estate shall vest in the debtor(s) upon confirmation of the plan pursuant to 11 USC, Section 1327(b).

**XI. Claim of Exemptions:** Debtor(s) claims of exempt property and valuations thereof filed pursuant to IL compiled statutes. Chapter 110 Section 12-901 et seq. and Chapter 110, Section 12-1001, shall be allowed in the amounts listed on Schedule C.

**XII. Post Petition Claims:** Pursuant to 11 USC Sec. 1322(b)(6) the Debtor(s) will pay 100% of all post-petition claims allowed under 11 USC Sec. 1305 as part of the confirmed plan when and if such claims arise.

XIII. **Late filed Claims:** All late filed unsecured claims shall be separately classified and will be paid 0%.

XIV. **Allowance of Claims:** All timely filed claims shall be allowed as to the amount and classification unless objected to by the debtor.

**The following summary is for informational purposes only. The dollar amounts are estimated, and shall not be deemed part of the debtor's plan.**

| | |
|---|---|
| Administrative Priority | $1313.00 |
| Attorney Fee | $3500.00 |
| Priority: | $0.00 |
| Secured 1325(a)(9) Claims: | $4576.00 |
| Secured 506(a) Claims | $3350.00 |
| General Unsecured: | $0.00 |
| TOTAL TO BE PAID: | $11739.00 |

Debtor: /s/Salvador Sandoval Jr.

Debtor:/s/Tina Sandoval

Dated: 3-17-15

/s/Michael A. Williams
Michael A. Williams, 03025462
Attorney for the Debtors

**The Law Offices of
Williams & Associates, P.C.**
Attorneys at Law
423 17th Street, Ste 202
Rock Island, Illinois 61201
Phone: (309) 788-3799
Fax: (309) 788-3855